# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMARA MECHELL BOYD,<br><br>　　　　Plaintiff<br><br>v.<br><br>MATTHEW JAMES WOLCHOK, FOX FREIGHT, INC., and CTU LIMITED GROUP,<br><br>　　　　Defendants | Case No.: 2:22-cv-00716-APG-VCF<br><br>**Order Granting Plaintiff's Motion to Remand**<br><br>[ECF No. 7] |

　　　　On April 2, 2021, plaintiff Amara Boyd sued defendants Matthew Wolchok, Fox Freight, Inc., and CTU Limited Group in state court for injuries she allegedly sustained in a motor vehicle accident. ECF No. 1 at 6-10. On May 4, 2022, the defendants removed the case to this court based on diversity jurisdiction. *Id.* at 1. Boyd moves to remand this case to state court, arguing that the petition for removal was untimely. The defendants oppose, asserting that Boyd acted in bad faith to prevent removal. Because the defendants have not shown that Boyd acted in bad faith, I grant Boyd's motion to remand.

　　　　Federal courts are courts of limited jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal district courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this court's jurisdiction, the defendants bear the burden of establishing jurisdiction exists. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

Generally, a defendant must file a notice of removal within 30 days of original service. 28 U.S.C. § 1446(b)(1).  If the case is not removable based on the initial pleading, a defendant may file a notice of removal within 30 days of his receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3).  But a case cannot be removed based on diversity more than one year after commencement of the action unless the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." *Id.* at § 1446(c)(1).  A plaintiff acted in bad faith if they "deliberately failed to disclose the actual amount in controversy to prevent removal." *Id.* at § 1446(c)(3)(B).

Here the defendants removed the case more than one year after Boyd filed her complaint.  Thus, the removal is untimely unless the defendants show that Boyd acted in bad faith to prevent removal.  The Ninth Circuit has not addressed the burden required to prove bad faith under § 1446(c)(1).  Other district courts vary in their approaches, requiring a defendant to show bad faith by either a preponderance of the evidence or clear and convincing evidence. *See Keller Logistics Grp., Inc. v. Navistar, Inc.*, 391 F. Supp. 3d 774, 778 (N.D. Ohio 2019) (discussing the split in cases).  I need not resolve what standard applies here because the defendants do not meet their burden of proof under even the lower preponderance of the evidence standard.

The defendants argue that Boyd acted in bad faith by "concealing the actual amount of alleged damages to prevent removal." ECF No. 8 at 6.  But they provide no evidence that Boyd did so.  They offer only a demand letter dated November 1, 2019 stating that Boyd's damages totaled $15,000.00. ECF No. 8-1 at 2-3.  Although the defendants argue they conducted settlement negotiations based on this amount for over a year, they present no evidence to that effect. *See Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (stating that "legal

memoranda and oral arguments are not evidence"); *Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (stating that "the arguments and statements of counsel are not evidence") (quotation omitted).  The defendants have therefore not shown by a preponderance of the evidence that Boyd acted in bad faith to prevent removal.

      I THEREFORE ORDER that plaintiff Amara Boyd's motion to remand **(ECF No. 7) is GRANTED**.  This case is remanded to the state court from which it was removed for all further proceedings.  The clerk of the court is instructed to close this case.

      DATED this 27th day of September, 2022.

      _____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE